**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Life Insurance Company,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Robert W. Baird & Co. Inc., *et. al.*,<br><br>　　　　Defendants.<br>―――――――――――――――――<br>Ronald Covin, *et al.*,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Robert W. Baird & Co., Inc., et al.,<br><br>　　　　Defendants. | Case No. CV-09-8162-PHX-GMS<br>Case No. CV-09-8174-PHX-GMS<br>(Consolidated)<br><br>**ORDER** |

　　　　Plaintiffs Ronald Covin, Bernard Patterson, Allen Patzke, Walter Krause, and Larry Verhulst (collectively, "Representative Plaintiffs") move the Court pursuant to the Private Securities Litigation Reform Act ("PSLRA") for an Order appointing them collectively as Lead Plaintiff in this private securities class action. (Dkt. # 88 & 89.)[1] For the following

―――――――

[1] It appears that two separate filings have been docketed as the Motion to Appoint Lead Plaintiff. Docket Number 89 appears to be the actual Motion and Docket Number 88 appears to be a memorandum in support of that Motion.

reasons, the Court grants the unopposed motion to appoint the Representative Plaintiffs as Lead Plaintiff.[2]

## BACKGROUND

The Representative Plaintiffs' action relates to the issuance of the Industrial Development Authority of Yavapai County $35,000,000 Convention Center Facilities Excise Tax Revenue Bonds, Series 2005 ("Bonds"). From November 2005 through October 2006, the Representative Plaintiffs purchased a combined total of $140,000 of these Bonds.

Each of the Representative Plaintiffs has filed a certification pursuant to 15 U.S.C. §78u-4(a)(2) attesting that (1) he did not purchase the security that is the subject of the Complaint at the direction of Plaintiffs' counsel or in order to participate in any private action arising under this chapter; (2) that he is willing to serve as a representative party on behalf of the class proposed in the Complaint, including providing testimony at deposition and trial, if necessary; (3) that he purchased the Bonds during the class period specified in the Complaint; (4) that during the three-year period preceding the date on which the Certification was signed he has not sought to serve as a representative party in a securities class action; and (5) that he will not accept any payment for serving as a representative party on behalf of the class beyond his pro rata share of any recovery, except as ordered or approved by the Court in accordance with 15 U.S.C. § 78u-4(a)(4).

On December 17, 2009, the Representative Plaintiffs' case, No. CV-09-8174, was consolidated with a related matter filed by Allstate Life Insurance Company ("Allstate"), No. CV-09-8162. Although Allstate is the bondholder with the largest single financial interest in the Bonds, Allstate has determined that, because of potentially different interests between the retail bondholders and Allstate, its interests would be better served by bringing

---

[2]In addition Docket Number 87 has been docketed, perhaps incorrectly, as a Motion for Class Certification. (Dkt. # 87.) That document, however, does not appear to be a request for class certification, instead it is a form certifying that the Representative Plaintiffs would be appropriate representatives of the putative class. (*See id.*) Accordingly, the Court presumes that it has resolved Docket number 87 by granting the present motion.

- 2 -

its claims in a separate complaint, rather than by joining in the Representative Plaintiffs' proposed class action. Nevertheless, the matter was consolidated because the Representative Plaintiffs' Amended Complaint (the "Class Complaint") and Allstate's Complaint assert similar claims against the same defendants. Allstate does not oppose this motion to appoint the Representative Plaintiffs as Lead Plaintiff in this action.

## DISCUSSION

In a PSLRA class action, a court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a) (3)(B)(i). Courts are to "adopt a presumption" that the most adequate plaintiff is the plaintiff who: (1) has either filed a complaint or moved to be named lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Rule 23(a) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class" and that "the representative parties will fairly and adequately protect the interests of the class." If a party becomes the presumptive lead plaintiff, that presumption may be rebutted only upon "proof" that the party "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Representative Plaintiffs meet the first part of the three-part test for PSLRA's rebuttable presumption as most adequate plaintiff. Representative Plaintiffs are the only members of the purported class who have filed a class action Complaint for the relief sought in this action and moved for appointment as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Next, the Representative Plaintiffs, who have a combined investment in the Bonds of $140,000, also have a significant financial interest in the relief sought by the class. Although they do not have the largest single financial interest—that would be Allstate—they are representative of the entire class of retail bondholders, which consists of individuals with

- 3 -

differing levels of investment who all had an opportunity under PSLRA to become Lead Plaintiff, but who thus far have not moved the Court to do so. Moreover, Representative Plaintiffs are the only class members who have moved for appointment as Lead Plaintiff. Under the circumstances, the Representative Plaintiffs meet the second part of the PSLRA's three-part test for most adequate plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). As other courts have held, where no other parties seek to be appointed Lead Plaintiff, the moving parties are deemed to have the largest financial interest. *See Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 279 (N.D. Tex. 2001); *Squyres v. Union Texas Petroleum Holdings*, Inc., 1998 WL 1144586, at *3 (C.D. Cal. Nov. 2, 1998).

In addition, the Representative Plaintiffs meet the third part of the PSLRA test in that they satisfy Rule 23's commonality, typicality, and adequacy of representation requirements. *See* Fed. R. Civ. P. 23(a). The commonality requirement is met because there are questions of law or facts that are common to the class, such as whether Defendants' conduct constituted violations of Section 10(b) and/or Section 20(a) of the Securities and Exchange Act of 1934, whether Defendants' misleading and fraudulent conduct resulted in the Bonds improperly receiving an investment-grade rating, and whether the Bonds' investment-grade rating was an important factor in the decision of class members to purchase the Bonds. Next, the Representative Plaintiffs' claims are typical of the claims of the plaintiff class because like all the other purported class members, the Representative Plaintiffs were induced to purchase the Bonds as a result of Defendants' failure to disclose material facts in the Bonds' Official Statements. The Court further has no reason to believe that the Representative Plaintiffs will fail to fairly and adequately protect the interests of the class members. *See* Fed. R. Civ. P. 23(a). Indeed, the Representative Plaintiffs have a significant financial interest in the relief sought by the class; hence they have retained counsel who is experienced in class-action litigation.

Finally, no class member has stepped forward to rebut the presumption that Representative Plaintiffs constitute the most adequate Lead Plaintiff. Accordingly, the Court appoints the Representative Plaintiffs as Lead Plaintiff over the "class complaint." Yet, while

the Court appoints the Representative Plaintiffs as Lead Plaintiff over the "class complaint," the Court will continue to treat the Allstate Complaint separately from the Class Complaint.

**IT IS HEREBY ORDERED** granting the Representative Plaintiffs' Motion to Appoint Lead Plaintiff. (Dkt. # 88 & 89).

DATED this 16th day of February, 2010.

_____
G. Murray Snow
United States District Judge