WO

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Life Insurance Company, | Lead Case No. CV-09-8162-PCT-GMS |
| Plaintiff, | Consolidated with:<br>Case No. CV-09-1874-PCT-GMS |
| vs. | **ORDER** |
| Robert W. Baird & Co. Inc., *et. al.*, | |
| Defendants. | |
| Ronald Covin, *et al.*, | |
| Plaintiffs, | |
| vs. | |
| Robert W. Baird & Co., Inc., et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs' Joint Motion to Amend their respective complaints (Dkt. # 109), and Defendants' Motion requesting a new briefing schedule as well as permission to both consolidate their motions to dismiss and exceed local rule 7.2(e) page limits (Dkt. # 115). The Court grants both Motions.

To begin, Plaintiffs move to amend their respective complaints pursuant to Federal Rule of Civil Procedure 15(a). Here, it appears that the proposed amendment, which is unopposed, has been made in good faith and will facilitate a determination of the issues on the merits. *See United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The Court therefore, grants the Motion to Amend.

The Court also grants Defendants' Motion for a new briefing schedule and their request to consolidate the motions to dismiss and exceed local rule 7.2(e) page limitations. While Plaintiffs desire to proceed with the currently pending motions to dismiss, the Court finds that such an approach would ultimately prove to be confusing and inefficient. The issues in this case appear to be complex, multifarious, and may be time consuming. Thus, permitting the parties to proceed based on Defendants' new briefing schedule will simplify and consolidate the various issues presented by the amended complaints. Moreover, because the amended complaints may obviate the need to address some of the issues presented in the original motions to dismiss, Defendants' proposed briefing schedule allows the parties to ensure that only those issues that are pertinent to the amended complaints are raised in the motions to dismiss.

**IT IS THEREFORE ORDERED:**

(1) Plaintiffs' Joint Motion to Amend their Complaints is **GRANTED** (Dkt. # 109);

(2) Defendants' Motion requesting a new briefing schedule and permission to both consolidate their motions to dismiss and exceed local rule 7.2(e) page limits is **GRANTED** (Dkt. # 115);

(3) Defendants **SHALL** have forty-five (45) days, or until **April 16, 2010**, to file new motions to dismiss; Plaintiffs shall have forty-five (days), or until **June 1, 2010** to respond; and Defendants will have twenty-one days (21), or until **June 22, 2010** to file their replies. No further extensions to these deadlines will be granted;

(4) Defendants **SHALL** strictly adhere to the following page limitations when filing their motions to dismiss: Underwriters–40 pages, The Town of Prescott Valley–17 pages, The Law Firms–30 pages, The Fain Entities–17, pages; TL Hocking & Associates–17 pages, The Authority–17 pages, Global Entertainment–17 pages, and Prescott Valley Event Center–17 pages;

(5) The following Motions to Dismiss are **DENIED** as moot: Dkt. ## 75, 76, 80, 81, & 85;

(6) The following requests for judicial notice are **DENIED** as moot: Dkt. ## 73 & 106.

DATED this 2nd day of March, 2010.

_G. Murray Snow_
G. Murray Snow
United States District Judge