**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| ALLSTATE LIFE INSURANCE COMPANY, an Illinois Life Insurance Company,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERT W. BAIRD & CO., INC., a Wisconsin corporation, et al.,<br><br>　　　　　Defendants. | No. CV-09-8162-PHX-GMS<br>No. CV-09-8174-PHX-GMS<br>(Consolidated)<br><br>**ORDER** |
| RONALD COVIN, BARNARD PATTERSON, ALLEN PATZKE and WALTER KRAUSE individually, on behalf of themselves and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ROBERT W. BAIRD & CO., Inc., a Wisconsin corporation, et al.,<br><br>　　　　　Defendants. | |

Pending before this Court is Prescott Valley's Motion For Order Implementing the PSLRA's Stay Provisions While The Town's Motion To Dismiss Is Pending (Doc. 354). For the reasons stated below the motion is granted.

On May 25, 2011, Prescott Valley filed its second motion to dismiss (Doc. 350), in this matter. The PSLRA specifies that:

> In any private action arising under [the relevant provision of the PSLRA] all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or the prevent undue prejudice to that party.

15 U.S.C. § 78u-4(b)(3)(B) (2009). The language of the statute seems to give the Court little discretion, "all discovery . . . shall be stayed during the pendency of any motion to dismiss." *See also, SG Cowen Sec. Corp. v. U.S. Dist. Court,* 189 F.3d 909, 911 (9th Cir. 1999). The two exceptions provided by the statute are if "particularized discovery is necessary to preserve evidence," or "to prevent undue prejudice to" a moving party.

Although Plaintiffs did file a tardy response to Defendant's motion (Doc. 380), the response did not request "particularized discovery to preserve evidence," nor did it set forth with any great particularity any undue prejudice that it would suffer in light of such a stay. It did suggest some collateral authority reasonably suggesting that the "abusive invocation of the PSLRA's stay provision through serial motions to dismiss" might result in undue prejudice to the parties where the motion is frivolous and advanced solely to delay the proceedings. See, e.g, *In re Salomon Analyst Litig.,* 373 F. Supp. 2d 252, 254-55 (S.D.N.Y. 2005).

Plaintiffs correctly point out that an initial and lengthy stay pursuant to Defendant's initial motion to dismiss has already occurred in this action. Nevertheless, without more thoroughly reviewing Defendant's motion, this Court cannot determine that it is frivolous or that it is "advanced solely to delay the proceedings," nor does Plaintiffs' response establish as much to the satisfaction of the Court. Defendant has set forth a sufficient basis on which the Court might conclude that Defendant could not have brought this motion absent some initial discovery. Therefore, because it cannot conclude at this juncture that the motion is frivolous, the Court will stay all further discovery and other proceedings in this matter, until the Court rules on Prescott Valley's second Motion to Dismiss (Doc. 350).

The parties are further advised that to the extent the deadlines set forth in the Case Management Order (Doc. 257), have already passed, *e.g.* Deadline for Joining Parties, Amending Pleadings and Filing Supplemental Pleadings, Deadline to file Class Certification Motions, and Deadline for Non-Party at Fault designations, the Court intends to apply and enforce those deadlines, and rule on those motions after the stay is lifted. The Court is aware that there are pending requests to extend those deadlines as it pertains to the deadline for amending pleadings. In considering any such requests after the stay is lifted, the Court will apply the standards set forth in *Johnson v. Mammoth Recreations Inc.,* 975 F.2d 604 (9th Cir. 1992), to the deadlines currently set forth in the Case Management Order. Therefore,

**IT IS HEREBY ORDERED** granting the Motion to Stay (Doc. 354) and staying all further discovery and proceedings in this case, until the Court rules on Defendant Prescott Valley's pending Motion to Dismiss (Doc. 350).

**IT IS FURTHER ORDERED** vacating the Status Conference currently set for August 12, 2011.

DATED this 26th day of July, 2011.

G. Murray Snow
United States District Judge