**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allstate Life Insurance Company;<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Robert W. Baird & Co., Inc., *et al.*,<br><br>　　　　Defendants.<br>_____<br>Ronald Covin, *et al.*,<br><br>　　　　Plaintiffs,<br>vs.<br><br>Robert W. Baird & Co., Inc., *et al.*,<br><br>　　　　Defendants.<br>_____ | Lead Case No. CV-09-8162-PCT-GMS<br><br>Consolidated with:<br>Case No. CV-09-8174-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Allstate Life Insurance Company's Motion to Dismiss the Town of Prescott Valley's Counterclaims. (Doc. 262). As set forth below, Allstate's Motion to Dismiss is granted in part and denied in part.[1]

---

[1] The Town's request for oral argument is denied as the Court has determined that oral argument will not aid in its decision. *See Lake at Las Vegas Investors Group v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

This action arises from the offering and sale of $35 million in revenue bonds (the "Bonds") used to finance the construction of a 5,000 seat event center in the Town of Prescott Valley, Arizona. In 2005, Plaintiff Allstate Life Insurance Company invested $26.4 million in the Bonds and is the majority Bondholder. The Covin Plaintiffs, which consist of Bondholders other than Allstate, invested an additional $9 million in the Bonds. Wells Fargo Bank, N.A. ("Trustee") was appointed as the Bonds' Indenture Trustee and gained certain rights and responsibilities in relation to the Bonds pursuant to the Indenture of Trust ("Indenture").

In 2009 Allstate commenced this action. Allstate alleges that in the offering documents for the Bonds, various Defendants, including the Town of Prescott Valley ("Town"), failed to disclose material information to purchasers of the Bonds, resulting in financial loss to the Bondholders. Allstate has therefore filed federal securities fraud claims against the Town, along with state-law claims for securities fraud, common-law fraud, aiding and abetting fraud, and negligent misrepresentation. The Covin Plaintiffs likewise assert fraud claims against the Town.

The Town, meanwhile, has counterclaimed, contending that Allstate is at least partially responsible for the Bondholders' financial loss. A 2005 development agreement ("Development Agreement") between the Town and the Trustee requires that the Town make periodic payments to the Trustee of transaction privilege tax revenues ("TPT revenues"). The Development Agreement further requires that these TPT revenues be used to service the Bonds. (Dev. Agmt. § 4.3.7.4). The Town alleges, however, that Allstate improperly induced the Trustee to use the TPT revenues to pursue litigation against the Town instead of to service the Bonds. In particular, the Town alleges that "Allstate induced the Trustee to divert the Town's October 2009, April 2010, and October 2010 debt service payments to the payment of legal fees." (Doc. 238, ¶ 6). According to the Town, the Trustee acknowledged Allstate's actions in a notice on its website, which informed the Bondholders that Allstate had "directed the Trustee in writing to forbear . . . from applying funds in the trust account

to principal and interest on the Bonds." (Doc. 238, ¶ 18). The Town contends that, as a result of Allstate's actions, Fitch Ratings "withdrew its rating on the Bonds, causing [the] harm to the Bondholders for which they seek recovery from the Town." (Doc. 238, ¶ 6).

At issue in the instant motion are the Town's two counterclaims. (Doc. 238). First, the Town claims that Allstate intentionally interfered with both the Indenture and the Development Agreement. Second, the Town alleges that to the extent it is liable for harm suffered by the Bondholders, it is entitled to contribution from Allstate. Allstate moves to dismiss both counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 262).

## DISCUSSION

### I. Legal Standard

To survive dismissal, a claim must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a counterclaim for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). In addition, the Court must assume that all general allegations "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994). Although a claim "need not contain detailed factual allegations," *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008), the Court will not assume that the plaintiff can prove facts different from those alleged. *See Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *Jack Russell Terrier Network of N. Cal. v. Am. Kennel Club, Inc.*, 407 F.3d 1027, 1035 (9th Cir. 2005). Similarly, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

1 **II.    Legal Analysis**

2     **A.    Intentional Interference with Contract**

3 The Town claims that Allstate intentionally interfered with contractual relations between the Town and the Trustee. (Doc. 238 at 35). To successfully state a claim for intentional interference with contractual relations, the Town must plead:

> (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of [Allstate]; (3) intentional interference inducing or causing a breach; (4) resultant damage to [the Town]; and (5) that [Allstate] acted improperly. *Snow v. Western Sav. & Loan Ass'n,* 152 Ariz. 27, 33, 730 P.2d 204, 211 (1986).

The Town has adequately plead elements (2), (3), and (5). Allstate contends, however, that the Town has failed to allege (1) a valid contractual relationship or (4) damage to the party whose relationship has been disrupted. (Doc. 262 at 4–5).

A contract is not valid for purposes of tortious interference unless the plaintiff is a party to the contract. *Am. Family Mut. Ins. Co. v. Zavala*, 302 F. Supp. 2d 1108, 1118 (D. Ariz. 2003) (citing *Bowdoin v. Oriel*, No. 98–5539, 2000 WL 134800, at *4 (E.D. Pa. Jan. 28, 2000)). Allstate alleges that the Town is not a party to the Indenture Agreement, and that therefore the Town has failed to plead the existence of a valid contract. The Town, however, has pled that Allstate tortiously interfered with both the Indenture *and* the Development Agreement. Allstate acknowledges that the Town is a party to the Development Agreement. (Doc. 294 at 2–3). Therefore, the Town has adequately pled a valid contractual relationship with respect to the Development Agreement.[2]

---

[2] Allstate argues that it cannot be held liable for tortious interference with the Development Agreement since it is not a "stranger" to this contract. (Doc. 262 at 4). To support this argument, Allstate cites *Southern Union Co. v. Southwest Gas Corp.*, a 2001 case in which the U.S. District of Arizona determined, citing Georgia state law, that "[t]he intended third-party beneficiary of a contract . . . cannot be held liable for tortious interference since he is not a stranger to the contract." 165 F. Supp. 2d 1010, 1037 (D. Ariz. 2001) (citing *Atlanta Market Ctr. Mgmt. Co. v. McLane*, 269 Ga. 604, 609 (1998)). In 2002, however, the Arizona Supreme Court allowed a tortious interference claim to proceed even though the defendant was one of the contract's beneficiaries. *Wells Fargo Bank v. Arizona*

- 4 -

1    The Town must also plead that Allstate's actions resulted in damages to the Town. *Snow*, 152 Ariz. at 33. The Town alleges that as a result of Allstate's actions, "the Bondholders have been harmed by the loss of debt service payments and devaluation of the Bonds, and the Bondholders seek recovery of such losses from the Town." (Doc. 238, ¶ 40). Although the Town's allegations emphasize *Bondholder* losses, the Town makes clear that it faces personal liability for these Bondholder losses and therefore has also been harmed by Allstate's actions. (*Id.*). For instance, the Town contends that, as a result of Allstate's actions, Fitch Ratings "withdrew its rating on the Bonds, causing [the] harm to the Bondholders for which they seek recovery from the Town." (*Id.* at ¶ 6). In short, the Town has adequately pled that Allstate interfered with the contractual relations between the Town and the Trustee, and that the Town was harmed as a result.

### B. Contribution

The Town also claims that it "is entitled to contribution from Allstate due to the actions of Allstate causing losses to Bondholders." (Doc. 238, ¶ 49). Under Arizona law there can be a "right of contribution [between parties] even though judgment has not been recovered against all or any of them." A.R.S. § 12-2501(A) (2011). Such a right of contribution only exists, however, where the parties are jointly and severally liable. *Id.* And the State of Arizona has largely abolished joint and several liability. A.R.S. § 12-2506 (2011). *See also PAM Transport v. Freightliner Corp.*, 182 Ariz. 132, 133 (1995).

The Town nevertheless contends that it and Allstate are jointly and severally liable under the joint and several liability provisions of the PSLRA and Arizona Securities Act. *See* 15 U.S.C. § 78u-4(f)(2)(A) (2011); A.R.S. § 44-2003 (2011). In other words, the Town claims that Allstate is jointly liable with the Town for securities fraud. (Doc. 282 at 5–7). But the Town has not asserted counterclaims against Trustee for violating the PSLRA or the Arizona Securities Act. Therefore the joint and several liability provisions of those acts are

---

*Laborers*, 201 Ariz. 474, 493 n.19, 494, 38 P.3d 12, 31 n.19, 32 (2002) (holding that the plaintiff had pled the existence of a valid contract even though it was a "beneficiary of the [contract's] proceeds"). Arizona does not, therefore, adhere to the "stranger" requirement.

- 5 -

not applicable.

## CONCLUSION

For the above reasons, the Town has adequately stated a claim against Allstate for intentional interference with contractual relations. The Town has failed, however, to adequately plead joint and several liability between Allstate and the Town. Therefore the Town's contribution claim must be dismissed.

**IT IS THEREFORE ORDERED** that Allstate Life Insurance Company's Motion to Dismiss the Town of Prescott Valley's Counterclaims (Doc. 262) is **GRANTED in part and DENIED in part**.

DATED this 1st day of November, 2011.

*G. Murray Snow*
United States District Judge