**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: Allstate Life Insurance Company Litigation | Lead Case No. CV-09-8162-PCT-GMS<br><br>Consolidated with:<br>Case No. CV-09-8174-PCT-GMS<br><br>**ORDER** |

Pending before the Court are three motions: 1) Joint Motion of Allstate Life Insurance Company, Covin Plaintiffs and Counterclaimant Wells Fargo Bank, N.A. Requesting Modification of Case Management Order (Doc. 373); 2) the Town of Prescott Valley's Motion for Leave to File Amended Counterclaims (Doc. 377); and 3) the Underwriters' Motion to Amend Third-Party Complaint and Counterclaim (Doc. 443). As set forth below, the Joint Motion of Allstate Life Insurance Company, the Covin Plaintiffs, and Wells Fargo is denied. The Town's Motion for Leave to Amend is granted. The Underwriters' Motion to Amend is denied.

## BACKGROUND[1]

On February 10, 2011, the Court issued a Case Management Order which stated that

---

[1] For a more detailed description of the background and facts, see the Court's Order of November 4, 2010. (Doc. 212).

1  "[t]he deadline for joining parties, amending pleadings, and filing supplemental pleadings
2  is **June 17, 2011**." (Doc. 257) (emphasis in original). On June 17, 2011, Allstate Life
3  Insurance Company, the Covin Plaintiffs, and Wells Fargo moved to modify the Case
4  Management Order to extend the deadline for amending pleadings from June 17 to October
5  31, 2011. (Doc. 373). Also on June 17, the Town of Prescott Valley moved for leave to
6  amend its Counterclaims against Wells Fargo to include newly discovered factual
7  information. (Doc. 377). On December 9, 2011, the Underwriters moved for leave to amend
8  their Third-Party Complaint and Counterclaim to add a new cause of action against Wells
9  Fargo. (Doc. 443).

## DISCUSSION

**1.    Legal Standard**

Although the decision whether to grant or deny a motion to amend is within the "sound discretion of the trial court," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981), Rule 15(a)(2) instructs the Court to "freely give leave [to amend] when justice so requires." The Court may consider the following factors in determining whether to grant a motion to amend: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment and (5) whether [the party] has previously amended [the] complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Where a scheduling order is in place, Rule 16(b) of the Federal Rules of Civil Procedure controls. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Rule 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." *See also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . If [the party seeking to amend] was not diligent, the inquiry should end." *Id.*

2. **Legal Analysis**

   **A.   Joint Motion for Modification of Scheduling Order**

Allstate, the Covin Plaintiffs, and Wells Fargo (collectively "Plaintiffs") move to modify the Case Management Order to extend the deadline for amending pleadings from June 17, 2011 to October 31, 2011. (Doc. 373). In connection with their motion, Plaintiffs did not propose any specific amendments. Rather, Plaintiffs requested that the Court extend the deadline for amending pleadings because Plaintiffs "believe they may discover additional factual information supporting their claims when document production is complete and initial depositions are taken." (Doc. 373 at 3). Their requested deadline of October 31, 2011 has passed, and Plaintiffs still have not proposed any specific amendments. Plaintiffs' motion to modify the scheduling order is therefore denied as moot.

   **B.   Town's Motion for Leave to Amend**

The Town of Prescott Valley moves for leave to amend its Counterclaim against Wells Fargo to include newly discovered factual information. (Doc. 377). The Town's motion and proposed amendment were submitted by the June 17, 2011 deadline set by the Court for amending pleadings, and the Wells Fargo has expressly stated that it does not oppose the amendment. (Doc. 401) ("Wells Fargo . . . does not oppose the Motion of the Town of Prescott Valley to amend its purported counterclaim against the Trustee. Wells Fargo concedes the proposed amendment does not add new claims."). The Court therefore gives the Town leave to file its proposed amended Counterclaims. The new factual allegations do not, however, affect the Court's determination in its November 18, 2011 Order that the Town has failed to state a claim for contribution. (*See* Doc. 433).

   **C.   Underwriters' Motion for Leave to Amend**

The Underwriters move for leave to amend their First Amended Complaint to add a securities violation claim against Wells Fargo. (Doc. 443). The sole claim in the Underwriters' initial complaint against Wells Fargo was a contribution claim. On March 24, 2011, the Underwriters moved to amend this complaint to add a negligent misrepresentation

- 3 -

1  claim against Wells Fargo. (Doc. 281). On November 18, 2011, the Court granted the
2  Underwriters' motion. (Doc. 433). This resulted in the Underwriters filing a First Amended
3  Complaint which included their new negligent misrepresentation claim. (Doc. 441). Also on
4  November 18, 2011, the Court dismissed the Underwriters' contribution claim, in part
5  because the Underwriters failed to allege qualifying substantive violations of law for which
6  the Underwriters were seeking contribution. (Doc. 433). On December 9, 2011, the
7  Underwriters moved for leave to amend their First Amended Complaint to add a substantive
8  securities violation claim against Wells Fargo under Arizona Revised Statutes § 44-
9  1991(A)(2)–(3) (20023). (Doc. 443).

This December 9th motion to amend was filed nearly six months after the June 17, 2011 deadline set by the Court for amending pleadings. Accordingly, to give the Underwriters leave to amend, the Court would have to modify its scheduling order, which it may only do "for good cause." FED. R. CIV. P. 16(b)(4). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Underwriters have not demonstrated diligence. They do not claim to have recently discovered facts that were previously unavailable to them, nor do they provide any other reason for why they could not have included the Arizona securities claim in their earlier complaints. As stated by the Underwriters, they seek to add the substantive securities claim to "address the deficiencies" outlined in the Court's November 18 order dismissing their contribution claim. (Doc. 443 at 3). The Underwriters, however, offer no explanation that suggests that their failure to previously allege a violation of Arizona securities law was consistent with a diligent pursuit of their case. The Court, therefore, will not modify the scheduling order to allow the Underwriters leave to amend.

**CONCLUSION**

The Court will not amend the scheduling order. The Town is granted leave to file its

- 4 -

1 proposed amended counterclaims.

2 **IT IS THEREFORE ORDERED**:

3 1. The Joint Motion of Allstate Life Insurance Company, Covin Plaintiffs and Counterclaimant Wells Fargo Bank, N.A. Requesting Modification of Case Management Order (Doc. 373) is **DENIED**.

2. The Town of Prescott Valley's Motion for Leave to File Amended Counterclaims (Doc. 377) is **GRANTED**.

3. The Underwriters' Motion to Amend Third-Party Complaint and Counterclaim (Doc. 443) is **DENIED**.

DATED this 23rd day of January, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge