**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|   |   |
|---|---|
| In re: Allstate Life Insurance Company Litigation | Lead Case No. CV-09-8162-PCT-GMS<br><br>Consolidated with:<br>Case No. CV-09-8174-PCT-GMS<br><br>**ORDER** |

Pending before the Court is the Underwriters'[1] request to discover certain communications between Allstate Life Insurance Co. and Wells Fargo Bank, N.A. and their respective counsel. For the reasons discussed below, the Court will allow the Underwriters to conduct the requested discovery, subject to certain limitations.

Allstate and Wells Fargo have asserted a claim against several defendants, including the Underwriters, pursuant to the Illinois Securities Law of 1953. They allege that these defendants violated the Illinois Securities Law by making statements in connection with a bond offering which omitted critical demographic information and were misleading. Any sale of securities that violates the Illinois Securities Law of 1953 is voidable at the election of the purchaser. *See* 815 Ill. Comp. Stat. § 5/13(A). Should the purchaser make this election,

---

[1] The Underwriters are Robert W. Baird & Co. Inc., Southwest Securities Inc., and Edward D. Jones & Co., L.P.

1 however, he must do so "within 6 months after the purchaser shall have knowledge that the
2 sale of the securities to him or her is voidable." 815 Ill. Comp. Stat. § 5/13(B). What a
3 party's counsel knows "is imputed to his client." *Ansbro v. Southeast Energy Group, Ltd.*,
4 658 F. Supp. 566, 572 (N.D.Ill.,1987). In this case, Allstate elected to rescind the Bonds on
5 May 18, 2009. Six months prior to May 18, 2009 was November 19, 2008. Whether Allstate
6 knew that the sale of securities was voidable prior to November 19, 2008 is therefore
7 material to its Illinois Securities Law claim.

8 Allstate asserts that it was not "aware of historic demographic information that was
9 not disclosed in the Official Statements" until December 2008 at the earliest, and that
10 therefore the Underwriters' discovery request is "moot." (Doc. 533 at 5). Allstate's assertion
11 that it was not aware of this information until December of 2008, however, is precisely the
12 assertion that the Underwriters wish to refute using the requested discovery. Moreover, even
13 if Allstate did not formally receive the demographic information until December, there is
14 evidence that Allstate's counsel was aware of the existence of this information well prior to
15 December, and may have been on inquiry notice that the Bonds were voidable. (Doc. 534 at
16 2–3). *See Martin v. Orvis Bros. & Co.*, 25 Ill. App. 3d 238, 245–46 (1974) (stating that under
17 § 5/13 "one who has sufficient knowledge to be put on inquiry cannot escape the
18 consequences of his knowledge by failing to make inquiry"). Because the Court does not
19 accept Allstate's mootness argument, the Court will allow the Underwriters to conduct the
20 requested discovery, subject to the limitations stated below.

21 **IT IS THEREFORE ORDERED** that the Underwriters may conduct discovery into
22 communications between Allstate and/or Wells Fargo and their respective in-house or outside
23 counsel. This discovery is limited to communications that relate to the bond offering at issue
24 in this case and that occurred between June 1, 2008 and November 19, 2008. Any
25 supplemental depositions conducted by the Underwriters are limited to two hours.

26 DATED this 7th day of August, 2012.

27
28 _____
G. Murray Snow
United States District Judge