**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

No. CV-09-08162-PHX-GMS

**ORDER**

In re: Allstate Life Insurance Company Litigation

    Pending before the Court are five Stipulations to File Under Seal Certain Exhibits attached to various Motions. (Docs. 676, 683, 698, 700, 722.) For the reasons discussed below, the Court denies all five motions without prejudice.

    The parties in this case have stipulated to a Protective Order regarding any information, regardless of how it is generated, stored, or maintained, and any tangible things for which a party can establish good cause as maintaining as confidential pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. (Doc. 438.) The Protective Order sets out a procedure by which a party may label as confidential any information or object it seeks to protect. (*Id.* at 4–6.) However, as the Court noted in an earlier order, merely designating something as confidential does not constitute a compelling reason to seal it. (Doc. 604.)

    Because of the strong presumption in favor of public access to court documents, a

party must set forth compelling reasons to justify sealing a judicial record. *Kamakana v. City and Cnty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006). This standard means that the party seeking to seal must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178–79 (internal quotations omitted).

The Underwriters seek to file Exhibits 8–25 to their Motion to Exclude Report and Testimony of William Rhoda under seal. (Doc. 676.) They assert that each of the Exhibits "contains sensitive information concerning the financial performance of events centers and similar entities that are not parties to this case." (*Id.* at 5.) This vague description does not meet the Ninth Circuit's requirement of "specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178. Thus, the Stipulation is denied without prejudice. Similarly, the Underwriters seek to file Exhibits 6 and 36–39 to the Motion for Summary Judgment under seal. (Doc. 683.) The claim that the documents "contain[] internal information concerning Wells Fargo's corporate practices that is not publically available." Again, they fail to meet the standard set forth in *Kamakana*. This Stipulation is also denied without prejudice.

All Defendants seek to file certain exhibits under seal that are to be attached to the Joint Statement of Facts in Support of Their Separate Motions for Summary Judgment. (Doc. 698.) Some of these exhibits were marked as confidential when produced by Allstate; others discuss documents that were marked confidential by Allstate. (*Id.* at 4.) In addition, the parties claim that the documents "contain sensitive information concerning Allstate's corporate practices. This justification is not specific enough to satisfy the *Kamakana* standard; thus, the Stipulation is denied without prejudice.

The Defendants further seek to file Exhibits 53 and 87 under seal as attachments to the Joint Statement of Facts. (Doc. 700.) The asserted reason for seeking to file under seal is that these Exhibits were produced by Global and marked "Confidential." (*Id.* at 3.) According to the Stipulation, Global has obtained new counsel since the time that the

documents were produced, and it is now unclear why the documents were originally designated as confidential. The parties wish to file them under seal "in an abundance of caution." (*Id.*) However, "[a] 'confidential designation' by a party is not in and of itself a compelling reason to seal as required by 9th Circuit law." (Doc. 604.) This Stipulation is therefore denied without prejudice.

Similarly, Kutak Rock seeks to file under seal its Unredacted Motion for Summary Judgment, Unredacted Statement of Facts, and Exhibits 64–69. (Doc. 722.) The parties assert that this information contains "confidential information relating to Wells Fargo's policies and procedures." (*Id.* at 2.) They further assert that Exhibits 64–69 were designated "Confidential" by Wells Fargo. These reasons were rejected as insufficient to satisfy *Kamakana*'s standard for sealing judicial records above. Thus, this Stipulation is also denied without prejudice.

**IT IS THEREFORE ORDERED** that the Parties' Stipulations to File Under Seal (Docs. 676, 683, 698, 700, 722) are **DENIED WITHOUT PREJUDICE**.

Dated this 21st day of March, 2013.

*A. Murray Snow*
G. Murray Snow
United States District Judge