1  WO

2

3

4

5

6                  IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

8

9  In Re: Allstate Life Insurance Company      Lead Case No. CV-09-08162-PCT-GMS
   Litigation
10                                              Consolidated with:
                                                No. CV-09-8174-PCT-GMS
11
                                                **ORDER**
12

13

14

15

16        Pending before the Court is Defendant James W. Treliving's Motion for

17  Certification of Interlocutory Appeal. (Doc. 797.) For the reasons discussed below,

18  Treliving's Motion is denied.

19        28 U.S.C. § 1292 provides for appeals from interlocutory orders under certain

20  limited circumstances. Section 1292(b) states that an order may be certified for

21  interlocutory appeal if it "involves a controlling question of law as to which there is

22  substantial ground for difference of opinion and that an immediate appeal from the order

23  may materially advance the ultimate termination of the litigation." Such motions for

24  certification are to be granted only if the movant meets the heavy burden of showing

25  "exceptional circumstances [that] justify a departure from the basic policy of postponing

26  appellate review until the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437

27  U.S. 463, 475 (1978). Indeed, § 1292 "was not intended merely to provide review of

28  difficult rulings in hard cases." *U. S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.

1966).

Treliving asserts that he is entitled to certification for interlocutory appeal from this Court's Order of March 1, 2013, (Doc. 655), because the Court's imposition of the "adequate supervision" element as a requirement of the good faith defense is susceptible to substantial ground for difference of opinion. (Doc. 797 at 2.)

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (footnotes omitted).

*Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

In its March 1 Order, this Court applied the multi-factor test set out in *Kersh v. General Council of Assemblies of God* to determine whether failure-to-supervise liability should be imposed in the context of this case. (Doc. 655 at 8.) Treliving argues that this was error and that "[d]ecisions following *Kersh* have repeatedly refused to analogize control persons to broker-dealers." (Doc. 797 at 8.) As demonstrated by its application in this Court's earlier Order, however, the multi-factor test is highly fact-sensitive and varies depending on the circumstances of each case—the factors include the relationship between the controlling and controlled person, the policies of the defendant, and the relationship between the plaintiff and the controlling person. (Doc. 655 at 8.) The fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633.

The cases cited by Treliving also do not indicate that substantial difference of opinion exists as to whether the adequate supervision test can be imposed on control persons. In *Brady*, an unpublished Ninth Circuit case, the court declined to impose

1    liability for failure to supervise because of the parties' failure to point out facts that

2    would justify such application. *Brady v. Dairy Fresh Products Co.*, 974 F.2d 1341 at *7

3    (9th Cir. 1992). The court's refusal to extend the standard to those circumstances does not

4    cast doubt on the viability of extending it beyond the broker-dealer context generally.

5    Similarly, in *Deshurley*, another unpublished Ninth Circuit case, the court held merely

6    that the district court did not err in finding that the broker-dealer standard was

7    inapplicable to the particular control person at issue. *Deshurley v. Davis*, 958 F.2d 376 at

8    *1 (9th Cir. 1992). Finally, in *Lansing Automakers'*, an unpublished case from the

9    Western District of Michigan, the court did not even address the good faith defense and

10   its requirements, focusing only on the elements for establishing control under the federal

11   securities laws. *Lansing Automakers' Fed. Credit Union v. MCG Portfolio Mgmt. Corp.*,

12   No. 5:89-CV-52, 1991 WL 238974 at *3 (W.D. Mich. Sept. 12, 1991).

13          Treliving also argues for the first time in his Reply that a case from the Seventh

14   Circuit creates a circuit split justifying the certification for interlocutory appeal. (Doc.

15   898 at 4.) In *Donohoe v. Consolidated Operating & Production Corp.*, the Seventh

16   Circuit held that the adequate supervision analysis "was obviously designed for, and

17   cannot sensibly be applied outside of, the respondeat superior context." 30 F.3d 907, 912

18   (7th Cir. 1994). The Ninth Circuit has already spoken on the topic, however, holding that

19   "application of the [failure to supervise] rule cannot arbitrarily be limited to the broker-

20   dealer context." *Kersh v. General Council of Assemblies of God*, 804 F.2d 546, 550 (9th

21   Cir. 1986), *overruled on other grounds by Hollinger v. Titan Capital Corp.*, 914 F.2d

22   1564, 1575 (9th Cir. 1990). This is not an issue on which "the circuits are in dispute on

23   the question and the court of appeals of the circuit has not spoken on the point." *Couch*,

24   611 F.3d at 633. Thus, it is insufficient to justify certification for interlocutory appeal.

25          Treliving also argues that the Court incorrectly applied the factors and that

26   imposing an adequate supervision requirement is contrary to the plain language of the

27   statute. (Doc. 797 at 5–6, 9–10.) However, "a party's strong disagreement with the

28   Court's ruling is not sufficient for there to be a 'substantial ground for difference'" of

1    opinion. *Couch*, 611 F.3d at 633 (internal citations omitted). Treliving has not provided

2    any case that demonstrates that substantial disagreement exists over the application of

3    *Kersh* factors to the control person liability context. Because Treliving has not met his

4    heavy burden of showing this factor, the Court finds it unnecessary to address the other

5    two factors.

6         **IT IS THEREFORE ORDERED** that James W. Treliving's Motion for

7    Certification of Interlocutory Appeal (Doc. 797) is **DENIED**.

8         Dated this 21st day of June, 2013.

9

10

11   _____

12   /G. Murray Snow

     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28