WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Allstate Life Insurance Company Litigation | Lead Case No. CV-09-08162-PCT-GMS<br><br>Consolidated with:<br>No. CV-09-8174-PCT-GMS<br><br>**ORDER** |

Pending before the Court are Defendant Town of Prescott Valley's Request for Additional Rulings (Doc. 902) and Motion for Certification of Interlocutory Appeal (Doc. 913). For the reasons discussed below, the Town's Motion for Additional Rulings is granted in part and denied in part, and its Motion for Certification is denied.

The Town seeks an additional ruling that Wells Fargo's remaining claims against the Town are time-barred. Plaintiffs conceded that Wells Fargo's notice of claim was not timely. (Doc. 623 at 4 n.1.) The Town's Request is therefore granted on this ground, and Wells Fargo's claims against the Town are dismissed. The Town also requests pursuant to A.R.S. § 12-821.01 that Allstate's fraud claims are time-barred. The Town argues that it moved for summary judgment on Allstate's Bond defects claims, which had "nothing to do with the 2005 ERA Report or its contents." (Doc. 902 at 2.) A review of the Town's pleadings associated with that Motion for Summary Judgment does not, however, show that the Town argued for summary judgment on separate grounds for the Bond defects claims. (*See* Doc. 578 at 7–8.) Though the Town argued that Allstate and Wells Fargo

were contemplating litigation against the Town as early as July 2008, this evidence is insufficient to show that these Plaintiffs had sufficient knowledge to trigger the notice of claim statute. At most, its evidence shows that the Plaintiffs had previously sued the participants of a different bond offering in Apache Junction and planned to utilize the same litigation strategy for the potential claims underlying this suit. (*See* Doc. 580-7.) In any event, because the Town failed to properly articulate this separate ground for summary judgment in its earlier Motion, its Request for Additional Ruling on Allstate's Bond defects claims is denied.

The Town also seeks certification to appeal this Court's denial of its Motion for Summary Judgment. (Doc. 913.) 28 U.S.C. § 1292 provides for appeals from interlocutory orders under certain limited circumstances. Section 1292(b) states that an order may be certified for interlocutory appeal if it "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." Such motions for certification are to be granted only if the movant meets the heavy burden of showing "exceptional circumstances [that] justify a departure from the basic policy of postponing appellate review until the entry of final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). Indeed, § 1292 "was not intended merely to provide review of difficult rulings in hard cases." *U. S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966).

The Town contends that it is entitled to certification for interlocutory appeal from this Court's Order of June 4, 2013 (Doc. 892) because there is substantial ground for difference of opinion on the Court's determination that there were insufficient facts to trigger a duty to investigate on Allstate's part. (Doc. 913 at 5.)

> To determine if a "substantial ground for difference of opinion" exists under § 1292(b), courts must examine to what extent the controlling law is unclear. Courts traditionally will find that a substantial ground for difference of opinion exists where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point,

if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." 3 Federal Procedure, Lawyers Edition § 3:212 (2010) (footnotes omitted). However, "just because a court is the first to rule on a particular question or just because counsel contends that one precedent rather than another is controlling does not mean there is such a substantial difference of opinion as will support an interlocutory appeal." *Id.* (footnotes omitted).

*Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010).

The Town points to two Arizona cases in which the Arizona courts reached opposite conclusions on whether a duty to investigate was triggered. (*Id.* at 5–6.) The opposing conclusions do not constitute substantial ground for difference of opinion. The Arizona courts in *Walk* and *Thompson* reached different conclusions because the facts in each case were different, as explained by this Court in its June 4th Order. In *Walk*, the plaintiff was assured by the defendant that the defendant had done nothing wrong, and there were no other facts indicating that the plaintiff should have been on notice to commence investigating. *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d 990, 996 (2002). Conversely, in *Thompson*, the Court of Appeals was faced with the unusual situation of plaintiffs who testified at their depositions that they had suspected the causal connection between defendants' conduct and their injury within a few days of the accident. *Thompson v. Pima Cnty.*, 226 Ariz. 42, 45, 243 P.3d 1024, 1027 (Ct. App. 2010). Moreover, the court in *Thompson* reached its conclusion on the basis of facts showing that the plaintiffs "unquestionably were aware of the necessary facts underlying their cause of action," acknowledging that in the usual case, accrual is "necessarily a question of fact for the jury." *Id* at 46–47 (internal quotations omitted). In this case, there was no equivalent admission by Allstate that it knew of the connection between the Town's conduct and Allstate's injury. (Doc. 892 at 8.) The fact that two courts in *Walk* and *Thompson* reached different conclusions when faced with different facts does not lead to the conclusion that the accrual issue is one on which reasonable jurists can disagree. Nor has the Town pointed out any circuit split, complicated question of foreign law, or difficult question of first impression. *See Couch*, 611 F.3d at 633. In short, there is no

ground for substantial difference of opinion on the issue of whether Allstate's duty to investigate was triggered. Because the Town has not met its heavy burden on this factor, the Court finds it unnecessary to address the other two factors.

**IT IS THEREFORE ORDERED** that the Town of Prescott Valley's Request for Additional Rulings (Doc. 902) is **GRANTED IN PART** and **DENIED IN PART**. Wells Fargo's remaining claims against the Town are **DISMISSED**.

**IT IS FURTHER** ORDERED that the Town of Prescott Valley's Motion for Certification of Interlocutory Appeal (Doc. 913) is **DENIED**.

Dated this 23rd day of August, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge