WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Allstate Life Insurance Company Litigation | Lead Case No. CV-09-08162-PCT-GMS<br><br>Consolidated with:<br>No. CV-09-8174-PCT-GMS<br><br>**ORDER** |

Pending before the Court is the Motion for Summary Judgment of Third-party Defendant/Cross-Defendant/Cross-Claimant Wells Fargo Bank, NA (the "Trustee"). (Doc. 691.) The Trustee moves to dismiss the Town of Prescott Valley's counterclaim against it for indemnification.

On November 18, 2011, the Court dismissed the Town's counterclaim for indemnification against Wells Fargo for claims asserted against the Town "related to the omission of material facts from the Official Statements." (Doc. 433 at 10.) Indemnification "is an all or nothing proposition damage-wise, and hence should be an all or nothing proposition fault-wise." *Transcon Lines v. Barnes*, 17 Ariz. App. 428, 435, 498 P.2d 502, 509 (Ct. App. 1972). The Court reasoned:

> If the factfinder agrees that the Town is not responsible for the contents of these statements, the Town will not be liable for any such negligent omission. If, on the other hand, the Town is held liable for the omissions in the Official Statements, it will be because the factfinder determined that the Town and the Trustee shared the responsibility for creating the Official Statements. And if the Town

and Trustee shared the responsibility for creating the Official Statements, then they would also share any fault for the alleged omissions.

(Doc. 433 at 11.) Thus, because indemnification is only available to "one who pays damages but is without personal fault," *Transcon Lines*, 498 P.2d at 511, the Town could not seek indemnification against the Trustee. The Town could not "be both without personal fault *and at the same time* liable for the omissions in the Official Statements." (Doc. 433 at 11.)

However, the Court denied the Motion to Dismiss as to the Town's indemnification claim "related to the Town's alleged failure to deliver certain pledged tax revenues to the Bondholders." (*Id.*) This is because the Town plead that it was obligated to make periodic payments of the tax revenues, but that it was the Trustee's duty to ensure that a system was in place so that the Town could timely budget for and thus pay the pledged tax revenues. Under this theory, the Town could be held liable to its failure to meet its obligation but still be wholly without fault, as its inability to pay would be due solely to the Trustee's failure to ensure the existence of the system.

The Trustee now moves for summary judgment on the second indemnification claim, asserting that there are no claims against the Town in which the Town could be held liable and also wholly without fault. (Doc. 693 at 1.) The Trustee argues that the only claims left against the Trustee are based on the Town's "active participation in the issuance of a misleading OS and its non-disclosures in 2005." (*Id.* at 4.) The Town's liability on these claims rises and falls with the Town's fault in the situation—these claims that the Trustee was actively involved in the fraudulent statements underlying this litigation do not allow for a holding that the Town is both liable and without fault.[1]

---

[1] The Town also appears to be arguing that any wrongdoing alleged by Plaintiffs would constitute only passive negligence, as opposed to active negligence, though it fails to make the argument expressly. However, the "continued viability" of the distinction between active and passive negligence "is very much in doubt," particularly with regard to claims of common law (as opposed to contractual) indemnification. *Herstam v. Deloitte & Touche, LLP*, 186 Ariz. 110, 118, 919 P.2d 1381, 1389 (Ct. App. 1996).

- 2 -

The Town objects to this characterization of the claims against it, arguing that the Plaintiffs' claims against the Town still stem from the allegation that it "missed or could 'evade' payments." (Doc. 863 at 3.) It asserts that any claims regarding the Town making misleading statements regarding the pledge of tax revenues "cannot be actionable without harm resulting from nonpayment of TPT Revenues. (*Id.* at 6.) Furthermore, the Town argues that to the extent the Plaintiffs' claims are based on the Town's involvement in defects in the drafting of the Bond Documents, the evidence will show that the Town was not responsible, and thus it can still maintain a claim of indemnification against the Trustee. (*Id.* at 5.)

In Reply, the Trustee disclaims any causes of action against the Trustee based on nonpayment of TPT Revenues. (Doc. 916 at 3.) The Trustee states that it only brought two claims against the Town for missed payments of TPT Revenues: a breach of contract and reformation claim based on alleged nonpayment in November 2007, which was dismissed by the Court in its 2010 Motion to Dismiss Order (Doc. 212 at 52–54) and another breach of contract claim based on an April 2011 payment, against which the Town has filed a Motion for Summary Judgment that the Trustee does not oppose. (Doc. 913 at 3.) The Trustee also points to the Plaintiffs' separate Motion for Summary Judgment against the Town's other counterclaims, in which Plaintiffs stated that they would not seek any damages from the Town based on TPT payments made in the past or that will be made in the future. (*See* Doc. 696 at 6–9.) Thus, "the Town no longer faces liability stemming from non-payment of TPT Revenues." (Doc. 913 at 4.)

Based on the Trustee's representations in its pleadings, the Court finds that there are no longer any claims against the Town on which it can be found both liable and wholly not at fault. The Town's second indemnification claim originally survived the motion to dismiss because it alleged an obligation on the part of the Town that could be breached without any wrongdoing by the Town. Now that Plaintiffs have no claims based on the Town's breach of that obligation, the reasoning in the November 18 Order no longer holds.

The Town's argument that any claim against it for defects in the pledge of TPT Revenues necessarily involves the nonpayment of TPT Revenues misses the point. It does not, in fact, appear that Plaintiffs seek any damages or rescission based on the nonpayment of TPT Revenues; rather, they seek recovery on the ground that defects in the drafting of the Bond Documents created misstatements or omissions in the OS, which led to the devaluation of their Bonds, regardless of whether any payments of TPT Revenues were missed. Moreover, nonpayment of TPT Revenues as a mere element in a claim is insufficient to give rise to a claim for indemnification; the Trustee must show that a holding could issue which would result in it being held liable for an action for which it was entirely without fault.

Nor does the Town's argument that evidence will show its lack of responsibility for the misstatements or omissions in the OS hold water. Though the Town might successfully show its lack of involvement in the alleged fraudulent activities at hand, this would simply mean that it is wholly without fault, in which case the Plaintiffs would not be able to recover from it, and its claim of indemnification would be moot. If the Town fails to successfully show its lack of involvement, then a finding against it would require a finding of wrongdoing, in which case the indemnity claim would be foreclosed. Because the Town has shown no facts that it could "be both without personal fault *and at the same time* liable," the Trustee's Motion for Summary Judgment is granted.

**IT IS THEREFORE ORDERED** that the Motion for Summary Judgment (Doc. 691) of Wells Fargo Bank, NA is **GRANTED**.

Dated this 13th day of September, 2013.

G. Murray Snow
United States District Judge

- 4 -