1    WO

6                   IN THE UNITED STATES DISTRICT COURT

7                      FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Allstate Life Insurance Company Litigation | Lead Case No. CV-09-08162-PCT-GMS<br><br>Consolidated with:<br>No. CV-09-8174-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendants' Request for Additional Rulings (Doc. 960) and the joinders in that motion by co-Defendants (Docs. 962, 963, 967).  For the reasons set forth below, the Court requests Plaintiffs to respond if they wish to do so on two of the issues, denies the remainder of the motion as moot in part, and denies the balance of the motion.

**A.      Aiding and Abetting Claims.**

      **1.      FSG and PVSE**

FSG and PVSE request that the Court enter judgment in their favor on the aiding and abetting claim, because they asked for it in their motion, because aiding and abetting requires scienter, and because the Court concluded in disposing of the federal control person claim against them that they lacked scienter.  Nevertheless, in a case like this in which the briefing and associated paper work took thousands of pages, to the extent that FSG and PVSE rely on the second half of a footnote on the 15th page of their motion to assert that the Court missed an argument that they made, and that they are entitled to a ruling on it, the Court declines to consider supplementing its previous rulings.  "A

footnote is the wrong place for substantive arguments on the merits of a motion, particularly where such arguments provide independent bases for dismissing a claim not otherwise addressed in the motion." *First Advantage Background Servs. Corp. v. Private Eyes, Inc.,* 569 F. Supp. 2d 929, 935 n. 4 (N.D.Cal. 2008); *Cf. Hilao v. Estate of Marcos,* 103 F.3d 767, 778 n.4 (9th Cir. 1996) ("The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal.").  FSG and PVSE's motion in this respect is denied.

### 2.      Kutak

Plaintiff has avowed that it no longer asserts aiding and abetting claims. Therefore, Cuttack's motion in this respect is moot.

### 3.      Hocking

Plaintiffs will respond, if they wish to do so, to Hocking's request for the Court to supplement its aiding and abetting ruling as to them by November 15.

## B.      Negligent Misrepresentation Claims.

Plaintiffs will respond, if they wish to do so, to FSG and PVSE's assertion that the Court's ruling on the negligent misrepresentation claim should apply to all Defendants by November 15.

## C.      Allstate's Secondary Market Purchase.

The Underwriters request that the Court explicitly supplement its judgment to note that, to the extent that Allstate purchased its bonds in the secondary bond market from a third party broker, then it can bring no claim against Defendants for "making, participating in or inducing the purchase of a security" within the purview of the Arizona Securities Act as to those bonds.  The Underwriters correctly note that this Court so held in dismissing Nonparty Bondholders who asserted such claims.  It is equally true that the same reasoning might apply to any bonds purchased by Allstate on the secondary bond market from a third-party broker.  The Underwriters further point to a footnote on page thirteen of their Memorandum to argue that they argued in their motion that this Court should dismiss Allstate's claims to the extent they arise from such secondary purchases.

Doc. 704 at 13 n. 11.   Nevertheless, in a case like this in which the briefing and associated paper work took thousands of pages, to the extent that the Underwriters rely on a footnote on the 13th page of their fifty-one page motion to assert that the Court missed an argument that they made, and that they are entitled to a supplemental ruling on it, the Court declines to consider supplementing its previous rulings.   *First Advantage Background Servs. Corp. v. Private Eyes, Inc.,* 569 F. Supp. 2d 929, 935 n. 4 (N.D.Cal. 2008) ("A footnote is the wrong place for substantive arguments on the merits of a motion, particularly where such arguments provide independent bases for dismissing a claim not otherwise addressed in the motion."); *Cf. Hilao v. Estate of Marcos,* 103 F.3d 767, 778 n.4 (9th Cir. 1996) ("The summary mention of an issue in a footnote, without reasoning in support of the appellant's argument, is insufficient to raise the issue on appeal.").  The Underwriter's motion in this respect is denied.

> **D.**   **Underwriter's Assertion that Available Demographic Information That Was Public Information Can't Be the Basis for Liability Even If Concealed.**

The Underwriters note that in the context of analyzing the Plaintiffs' ASA claims arising from defects in the bond documents the Court held that "the securities laws require disclosure only of information that is not otherwise in the public domain."  They request that, to the extent that Plaintiffs' assert that the Defendants' alleged concealment of publicly available demographic information is a basis for their claims pertaining to the projections made in the offering statements, such claims be barred.   While it is true that the Underwriters, in making the related argument that there is no direct correlation between population/affluence and attendance at sporting events, observed that a faulty projection cannot be made actionable simply because publicly available knowledge would call it into question, the Court never understood the Underwriters memorandum to ask for a determination that the Defendants were entitled to summary judgment because Plaintiffs' misrepresentation claims against them were based solely on the concealment of publicly available information.   After re-reading that section of the Underwriters'

memorandum, it does not now seem to the Court that such was the thrust of the Underwriter's request for relief.  While it is true that such law may prevent Plaintiffs from surviving a JMOL at trial if they offer no additional evidence of concealment or misrepresentation other than the concealment of publicly available information, the Court, at this stage, is under no obligation to continually supplement its order to accommodate arguments that were less than clear, not made at all in the initial and extensive briefing, or that now seem like logical supplementary arguments in light of the Court's rulings.  The Defendants' Motion in this respect is denied.

**E.      Hocking's Alternative Basis for Judgment on Common Law Fraud.**

Hocking asserts that the Court should have considered its alternative basis for summary judgment on the fraud claim—apparently, a sentence in which Hocking states that "as set forth in the other Defendants' Motions for Summary Judgment, Allstate did not justifiably rely, and the alleged fraud was not the cause of Allstate's loss in any event."  Doc. 718 at 12.  This is wholly insufficient to constitute an alternative argument on which the Court should rule.  To the extent that Hocking asserts that he incorporated arguments made by other Defendants, he fails to make any demonstration as to how these arguments, as originally made, apply to him and the other Defendants.  The Defendants' Motion in this respect is, therefore, denied.

**F.      Plaintiff's Negligent Misrepresentation Claim Against the Town.**

Plaintiff has dropped any claims against the Town for Negligent Misrepresentation.  Judgment is therefore entered for the Town on this Claim.

**G.      Additional Rulings on the ASA Claims.**

**1.      A.R.S. § 44-1991(A)(3).**

Cuttack's motion in this respect is moot.  Judgment has already been entered on this issue in Cuttack's favor and, at any rate, Plaintiffs no longer assert such claims.

**2.      A.R.S. § 44-1991(A)(2)  Loss Causation.**

As Defendants note, loss causation is an affirmative defense under the Arizona Securities Act.  In the context of the Plaintiff's claim for negligent misrepresentation the

Court observed that Plaintiffs had not provided any evidence of loss causation, as even their expert had failed to make such a link.  While such a failure may have merited summary judgment when, as with the negligent representation claim, the burden of proof is on the Plaintiffs, Plaintiffs' failure to establish the linkage is not fatal when the Defendants' bear the burden of proof, unless Defendant first demonstrates facts to establish a lack of causation.  On a summary judgment motion, the failure of Plaintiff's expert to make the linkage is not necessarily sufficient to meet Defendants burden when it bears the burden of proof on an affirmative defense.  Again, the Court, at this stage, is under no obligation to continually supplement its order to accommodate arguments that now seem like logical supplementary arguments in light of the Court's rulings.  Even if such arguments may prevail on a JMOL or at trial, the court need not now open up a whole additional round of supplementary briefing on such questions.  The Defendants' Motion in this respect is denied.

**IT IS THEREFORE ORDERED** requesting a response from Plaintiffs to Hocking's request for the Court to supplement its aiding and abetting ruling as to them and to FSG and PVSE's assertion that the Court's grant to some Defendants on Plaintiffs' Negligent Misrepresentation claims should apply to all Defendants.  The Plaintiffs shall file a joint response to both issues not to exceed ten pages by **November 15, 2013**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** denying Defendants' Motion (Doc. 960) as moot to the extent that the Parties' in their recent joint statement have agreed that no aiding and abetting fraud claim, and no A.R.S. § 44-1991(A)(3) claim remains against Kutak.  The Parties further acknowledge that they no longer assert a negligent misrepresentation claim against the Town.  (Doc. 978 at 5 n. 3.)  Thus, the motion is also moot in that respect and denied in all other respects.

Dated this 1st day of November, 2013.

G. Murray Snow
United States District Judge