WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Allstate Life Insurance Company Litigation | Lead Case No. CV-09-08162-PCT-GMS<br><br>Consolidated with:<br>No. CV-09-8174-PCT-GMS<br><br>**ORDER** |

Pending before the Court are questions regarding the Plaintiffs' election of remedies, whether rescission is available against non-selling Defendants (Docs. 1145, 1149 and 1150), and whether to remand certain claims against Defendants who have not agreed via the Stipulation (Doc. 1142) to be bound as to all Plaintiffs by the outcome of the Allstate trial.  Also pending before the Court are: (1) Allstate's Motion for Trial to the Court (Doc. 1161), (2) Global Entertainment Corporation's, Richard Kozuback's, and W. James Treliving's Brief in Support of Their Jury Trial Demand (Doc. 1163), and (3) Underwriters' Motion to Establish That Allstate Has the Burden to Prove Loss Causation and Damages for the Implied Rescissionary Damages Remedy (Doc. 1162).   The Court will address each of these issues in this Omnibus Order.

**I.   Plaintiffs' Election of Remedies**

The only claims remaining in this matter are state law securities fraud claims under the Arizona Securities Act ("ASA"). (Doc. 1005 ¶ 5; Doc. 978 at 2.)  Because the complete diversity requirement is not met by the parties, and because the claims do not

arise under the laws of the United States, the Court's only appropriate exercise of jurisdiction in this matter is supplemental jurisdiction. The decision to exercise jurisdiction over the remaining state law claims "is a responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 *supplemented*, 121 F.3d 714 (9th Cir. 1997). The Supreme Court has stated and the Ninth Circuit affirmed "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)). However, when the federal question claim underlying jurisdiction is defeated on the merits, "the district court nevertheless may in its discretion retain supplemental jurisdiction over the state law claims" *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936, *amended and superseded on denial of reh'g,* 350 F.3d 916 (9th Cir. 2003). Discretion to exercise supplemental jurisdiction should be informed by the values of "economy, convenience, fairness, and comity." *Acri*, 114 F.3d at 1001.

The present case involves one primary Plaintiff bondholder, Allstate, along with 133 additional bondholders approved for trial ("Non-Allstate Plaintiff Bondholders") (*See* Doc. 1085) against twelve separate Defendants. In this case to date, the Court has made multiple rulings covering hundreds of pages. Remanding this case to state court would require a new court to become familiar with the parties, factual background, procedural history, and the legal issues. On the other hand, however, each of the remaining state law claims of the Non-Allstate Plaintiff Bondholders would depend on a fact finder's resolution of individual facts pertaining to each Non-Allstate Plaintiff Bondholder's claim. It would thus take the Court an enormous amount of time to try a case based on state law, for which there is no diversity jurisdiction and over which it only has, at best, supplemental jurisdiction.[1]

---

[1] As an example of the impracticality of having all Plaintiffs simultaneously pursue their claims at trial, Wells Fargo, as Trustee for the Non-Allstate Plaintiff

To avoid the expense and time involved in trying not only the primary bondholder's case, but the case of each of the individual bondholders, most of the parties have entered a Stipulation which, with some exceptions, agrees to try the facts pertaining only to the Allstate Plaintiff's claims, and to resolve the claims of the Non-Allstate Plaintiff Bondholders depending upon the findings of fact and other resolutions resulting from the Allstate Plaintiff's claims.  (Docs. 1142, 1144.) The Stipulation binds all Non-Allstate Plaintiff Bondholders, which it defines as "all holders of the Industrial Development Authority of the County of Yavapai Convention Center Facilities Excise Tax Revenue Bonds, Series 2005 (Taxable)" who still have A.R.S. § 44-1991(A)(2) claims, except for Allstate itself.  (Doc. 1144-1 ¶ 2.)

The Stipulation was joined by Defendants Robert W. Baird & Co., Incorporated ("Baird"), Southwest Securities, Inc., successor in interest to M.L. Stern & Co., LLC ("Stern"), Edward D. Jones & Co., L.P. d/b/a Edward Jones ("Jones," and together with Baird and Stern, the "Underwriters"), Stinson Morrison Hecker LLP, TL Hocking & Associates, LLC, and Thomas Hocking and Counterclaimant/Third-Party Plaintiff Town of Prescott Valley ("The Town") (Doc. 1142).[2]  Later, Defendants Fain Signature Group, LLC and Prescott Valley Signature Entertainment, LLC also gave notice of their election to join and participate in the Stipulation.  (Doc. 1160.)  That leaves four Defendants who have not joined the Stipulation: Prescott Valley Entertainment Center, LLC, Global

---

Bondholders, submitted a list of 150 witnesses that it would need to call in order to litigate the claims of Non-Allstate Plaintiff Bondholders. (Doc. 978 at 8-13.)  This was despite the fact that Non-Allstate Plaintiff Bondholders were pursuing virtually the same claims against the same Defendants as Allstate. (*Id*.)

[2] A report by Wells Fargo filed three days after the Stipulation informed the court that some of the parties' that had previously expressed interest in the Stipulation had withdrawn in light of the Court's comments.  (Doc. 1143.) It thus noted that "the Stipulation regarding Wells Fargo's claims filed on Friday December 20, 2013 is solely between Wells Fargo, Allstate, the Underwriters, Stinson Morrison and the Hocking Defendants."  (Doc. 1143 at 2.).  This list by Wells Fargo omits The Town as a stipulating party, even though The Town was listed as a stipulating party on the original Stipulation. (Doc. 1142 at 2.)  This appears to be an inadvertent omission by Wells Fargo since in both the amended Stipulation (Doc. 1144-1) filed the same day as the Wells Fargo report, and a later report regarding the status of the Stipulation (Doc. 1165) Prescott Valley is listed as one of the stipulating parties.  (*See* 1144-1 at 3.)

Entertainment Corp., Richard Kozuback and James Treliving (the "Non-Stipulating Defendants"). (Doc. 1165.)

To pursue "economy, convenience, fairness, and comity," *Acri*, 114 F.3d at 1001, with respect to the stipulating parties, the Court will exercise supplemental jurisdiction over the subject matter of the claims in the Stipulation only. Accordingly, the Court accepts and enters of record the Stipulation between the stipulating parties, and dismisses, without prejudice, the Non-Allstate Bondholders' claims against Defendants Global Entertainment Corp., Prescott Valley Entertainment Center, LLC, James Treliving and Richard Kozuback.[3]

## II. Rescission Remedy Availability Against Non-Selling Defendants And Burden of Proof

After filing the Stipulation (Doc. 1142), Allstate filed a Notice of Election of Remedies with Authority (Doc. 1145) stating that it has elected the remedy of rescission, or, alternatively, rescissory damages (also "rescissionary" damages).

At common law, rescission, or the unwinding of a transaction, is traditionally only available against a party to the transaction. However, the ASA specifies that, with some explicit exceptions, rescission is available against anyone who participated in or induced the fraudulent sale, and under Section 44-2001, the sale is voidable at the election of the purchaser. The only exception is for defendants who "participated in any sale or purchase solely by reason of having acted in the ordinary course of that person's professional capacity in connection with that sale or purchase." Ariz. Rev. Stat. Ann. § 44-2003(A). Nowhere in the ASA is there any bar on seeking the rescission remedy against non-seller defendants.

Arizona courts have consistently rejected the argument that privity is required for

---

[3] Wells Fargo has stated that it already has a lawsuit pending against the Non-Stipulating Defendants in a stayed action: *Wells Fargo Bank, N.A. v. Robert W. Baird & Co., Inc. et al.*, Maricopa County Superior Court Case No. CV2009-030148. (Doc. 1143 at 3.). Because Allstate's claims against the Non-Stipulating Defendants remain, the Non-Stipulating Defendants themselves are not dismissed from this action, only the claims of the Non-Allstate Plaintiff Bondholders against them.

a party to rescind a sale under the ASA. *Trump v. Badet*, 84 Ariz. 319, 322, 327 P.2d 1001, 1004 (1958) (affirming judgment under ASA for rescission against all defendants even those who "received none of the consideration" and were "not a party to the sale"); *State v. Superior Court of Maricopa Cnty.*, 123 Ariz. 324, 331, 599 P.2d 777, 784 (1979) (noting that despite the usual privity requirement for rescission, A.R.S. § 44-2001 "clearly fixes the liability of . . . any dealer, salesman or agent, who made, participated in or induced the unlawful sale or purchase."); *Grand v. Nacchio (Grand III)*, 225 Ariz. 171, 174, 236 P.3d 398, 401 (2010) (stating that rescissory remedy applies "to those other than the seller of the securities" except for the one exception of someone "having acted in the ordinary course of that person's professional capacity in connection with that sale or purchase.").[4]  Rescissory damages are also available against non-selling defendants. *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 35, 945 P.2d 317, 346 (Ct. App. 1996) (Though rescissory damages are not available against non-principals for common law negligent misrepresentation claim, they are permitted under ASA statutory cause of action.).

As the Court has previously noted, Defendants may present evidence on the equitable defense that the statutory rescission remedy is unavailable. Such a defense may be available due to alleged harm caused to the bonds by Plaintiffs, making it impossible to restore the parties to the status quo. In such a case, if the Plaintiffs have nevertheless established that some or all of the Defendants are liable under the statute, the Court will be obliged to fashion a remedy in rescissory damages. *Strategic Diversity, Inc. v. Alchemix Corp.*, CV-07-00929-PHX-GMS, 2013 WL 4511971, at *11 (D. Ariz. Aug. 28, 2013). This remedy, while similar to a damages remedy outlined by the ASA, is not identical to it. Under the statute, a Plaintiff may seek damages if he "no longer owns the

---

[4] These cases are contrasted with language from a previous case pointed out by Defendants stating that "rescission is primarily a remedy between principals." *Strategic Diversity*, CV-07-00929-PHX-GMS, 2013 WL 4511971, at *10 (quoting Restatement (Second) of Agency § 348 (1958)). This reasoning based on common law principles does not apply here. As the cases above show, Arizona courts have consistently held that the ASA remedy that resembles common law rescission is available against non-principals.

- 5 -

securities." A.R.S. § 44-2001(A). When a Plaintiff seeks such damages, he must establish loss causation. *Grand v. Nacchio (Grand I),* 214 Ariz. 9, 27, 147 P.3d 763, 781 (App. 2006). Nevertheless, when the Plaintiffs still own the securities, as they do here, and thus, are capable of physically tendering them, the statute does not require the Plaintiff to prove loss causation, but obliges the defendant to affirmatively prove that the decrease in the security's value was caused by something other than its misrepresentation or omission. A.R.S. § 44-1991(B).

Nevertheless, if the Court concludes that the Plaintiffs have so damaged the bonds that rescission is impossible, yet also concludes that the Plaintiffs have stated a claim under § 1991(A) (2) as to some or all of the Defendants, the Court would, of necessity, be obliged to allocate the relative harms caused by the relative parties to determine if an award of rescissory damages was appropriate, and, if so, in what amount. It is possible, that in that process, the Court would determine that Plaintiffs should bear the burden of proving proximate causation or at least bear the consequences to some extent of the inability to ascertain the monetary value of such harm. Such equitable latitude is provided under Arizona law. "We conclude that whether a plaintiff seeking rescissory damages must show proximate cause depends on the equitable considerations discussed above." *Grand I,* 214 Ariz. at 28, 147 P.3d at 781 (Ct. App. 2006).

Nevertheless, to the extent that the Defendants request the Court to make that determination prior to trial, such a determination is too bound up in contested facts to be possible at the pretrial stage. Thus, Defendants Motion to Establish That Allstate Has the Burden to Prove Loss Causation and Damages for the Implied Rescissionary Damages Remedy (Doc. 1162) is denied without prejudice.

**III.   Jury Trial**

Both Allstate and the Town (as counterclaimant) properly demanded a jury trial in their initial Complaints and subsequent amendments. (*See, e.g.*, Doc. 1; Doc. 464; Doc. 95.) Allstate has recently reversed course and explicitly requested a trial to the Court. (Doc. 1160.) The Town has not joined any of the parties' recent briefs in support of

either a bench trial (Docs. 1161, 1164) or a jury trial (1163, 1170). However, at the Final Pretrial Conference held on January 17, 2014, the Town explicitly opted out of their jury trial request. (Doc. 1157, at 97: 23–25) ("If the Court's going to have a court trial, we will – as the plaintiff on the counterclaim, we will submit to a court trial on the claim.") That leaves Defendants Global Entertainment Corporation, Richard Kozuback, and W. James Treliving (Global Defendants) as the only parties advocating for a jury trial. (Doc. 1163.)

The Global Defendants argue that they are statutorily entitled a jury trial based on the ASA. However, as is well settled, "the right to a jury trial in the federal courts is to be determined as a matter of *federal* law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (emphasis added). Even where a state law would grant a right to a jury trial, a federal court hearing a case arising from that state law is not bound under *Erie* to grant a jury trial. *Herron v. S. Pac. Co.*, 283 U.S. 91 (1931) (holding that an Arizona state constitution provision requiring that certain issues go before a jury was not binding on a federal court sitting within the state).

The Federal Rules of Civil Procedure provide that a right to a jury trial exists in federal court when either granted by the Seventh Amendment or by federal statute. Fed. R. Civ. P. 38. No relevant federal statute has granted the right to a jury trial here. Additionally, the Seventh Amendment grants a jury trial only in actions at law, not actions in equity. *McCullough v. Dairy Queen, Inc.*, 194 F. Supp. 686, 687 (E.D. Pa. 1961) ("It is settled law that . . . the traditional distinction between legal and equitable actions must be referred to in order to determine a party's right to a jury trial."). Generally, an action for money damages was "the traditional form of relief offered in the courts of law." *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570 (1990).

Plaintiffs in this action have opted for the remedy of rescission or rescissory damages in this action. (Doc. 1145.) "Rescission is an equitable remedy, however, for which no right to a jury exists." *Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d

165, 170 (9th Cir. 1989). As this Court has previously stated, if rescission is not available, due to impossibility or impracticality, then the Court will try to approximate the rescission remedy through rescissory damages. (Doc. 948 at 82–85). Rescissory damages may be used under the ASA "when rescission, though appropriate, is impossible or infeasible (as when the buyer has sold the property to a third party)." *Grand I*, 214 Ariz. at 19, 147 P.3d at 773 (quoting *Standard Chartered*, 190 Ariz. at 34, 945 P.2d at 345.) If liability is established to some or all Defendants and rescission is unavailable and rescissory damages are required to be calculated, this is still, in essence, an equitable remedy. *Grand I*, 214 Ariz. at 27, 147 P.3d at 781 ("Rescissory damages are intended to be the financial equivalent of the traditional rescission remedy, and such damages are available when tender is 'impossible or infeasible,'" a determination that should be based on "equitable considerations"); *Strategic Diversity*, CV-07-00929-PHX-GMS, 2013 WL 4511971, at *5 (parties may be "entitled to the equitable remedy of rescissionary damages"); *Teamsters*, 494 U.S. at 570 (money damages are to be characterized as equitable where they are restitutionary). Thus, because Allstate has elected rescission, or alternatively, rescissory damages, Allstate's claims against Defendants are claims in equity for which there is no entitlement to a jury trial under the Seventh Amendment.[5]

In light of the forgoing, therefore,

**IT IS HEREBY ORDERED**, that the Stipulation Regarding Non-Party Bondholders (Doc. 1142, revised as Doc. 1144-1) is **GRANTED**, **APPROVED AND ENTERED**.

**IT IS FURTHER ORDERED** that the claims of the Non-Allstate Plaintiff Bondholders against Defendants Prescott Valley Entertainment Center, LLC, Global Entertainment Corp., Richard Kozubak and James Treliving are **DISMISSED WITHOUT PREJUDICE**.

---

[5] The Global Defendants have not joined the Town in its counterclaim against Allstate and Wells Fargo and thus are not entitled to assert a right to a jury trial based on those claims.

**IT IS FURTHER ORDERED** that Defendants' Motion to Establish That Allstate Has the Burden to Prove Loss Causation and Damages for the Implied Rescissionary Damages Remedy (1162) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that The Global Defendants' request for a jury trial (Doc. 1163) is **DENIED**.

**IT IS FURTHER ORDERED** that Allstate's Motion for Trial to the Court (Doc. 1161) is **GRANTED**.

Dated this 20th day of June, 2014.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge